IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DR. CAROLYN TURNER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:15-CV-507-WKW |
| ) | [WO] |
| STATE OF ALABAMA, ) | |
| DEPARTMENT OF YOUTH ) | |
| SERVICES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiffs' Time Sensitive Motion to Remand. (Doc. # 3.) Defendants filed a response in opposition to the motion. (Doc. # 8.) Based upon careful consideration of the arguments of counsel, the relevant law, and the facts, the court finds that the motion is due to be denied.

**I. STANDARD OF REVIEW**

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). At the same time, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Hence, in actions removed from state court to federal court, federal courts must strictly construe removal

statutes, resolve all doubts in favor of remand, and place the burden of establishing federal jurisdiction on the defendant.  *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–30 (11th Cir. 2006).

## II.  BACKGROUND

Plaintiffs are tenured teachers of the State of Alabama Department of Youth Services ("DYS").  They filed this lawsuit in the Circuit Court of Montgomery County, Alabama, against DYS, the DYS Board of Education, its members, the superintendent of the DYS School District 210, and the governor of Alabama, challenging their transfers from McNeel School in Birmingham to DYS campuses in Montgomery and Prattville.  The transfers are scheduled to take effect on August 10, 2015.

Plaintiffs' complaint encompasses four counts. Counts I, II, and III are phrased as claims for relief.  These counts embody claims for a writ of mandamus seeking to stop Defendants from transferring them in violation of the Students First Act, Alabama Code §§ 16-24C-1, *et seq.*, for a declaratory judgment construing their rights under the Students First Act, and for corresponding injunctive relief. Counts I, II, and III also include allegations that Plaintiffs were denied a due process hearing that complies with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Count IV alleges a 42 U.S.C.

§ 1983 claim that the state administrative proceedings did not provide Plaintiffs with full due process hearings in violation of the Fourteenth Amendment's procedural due process protections.

The Circuit Court of Montgomery County entered a temporary restraining order on July 10, 2015, "insofar as [the action] pertains to further actions required pursuant to the provisions of the Students First Act . . . and the timelines associated with the transfer action . . . ." (TRO (Doc. # 1-23).)  The state-court Order also set a hearing on the motion for preliminary injunction for July 20, 2015.

On July 16, 2015, Defendants removed this action to this court pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1441(c)(1)(A).  Plaintiffs responded with the pending Time Sensitive Motion to Remand (Doc. # 3).

### III.  DISCUSSION

The issue is whether Defendants have met their burden of demonstrating removal jurisdiction over this action.  Section 1441(a) authorizes removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

Plaintiffs admit that their Complaint includes 42 U.S.C. § 1983 claims alleging Fourteenth Amendment procedural due process violations. Because the Complaint includes allegations that Defendants violated Plaintiffs' rights protected under the United States Constitution and § 1983, the court has original federal-question jurisdiction over these claims. Accordingly, the removal of the action was not improper.

The Complaint also includes state-law claims. The Notice of Removal is conspicuously silent as to the basis for the removal of the state-law claims. The Notice of Removal focuses on the Fourteenth Amendment allegations and does not acknowledge the existence of any state-law claims. Additionally, the Notice of Removal cites § 1441(c)(1)(A), but not § 1441(c)(1)(B).

Section 1441(c)(1) governs removal of actions that contain a claim arising "under the Constitution, laws, or treaties of the United States," § 1441(c)(1)(A), and a claim "not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute," § 1441(c)(1)(B). Section 1441(c) provides further that, whenever "a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B)."

§ 1441(c). Supplemental jurisdiction over state-law claims exists where the claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." § 1367(a). In other words, when the state-law claims "arise out of a common nucleus of operative fact with a substantial federal claim," § 1367(a)'s prerequisites are satisfied. *Lucero v. Trosch*, 121 F.3d 591, 587 (11th Cir. 1997). This comparison "is ordinarily determined on the pleadings." *Id.* at 598.

Defendants did not predicate their removal of the state-law claims under the provisions of § 1441(c)(1)(B). Defendants have not argued, therefore, that the state-law claims are not within the court's supplemental jurisdiction or are non-removable claims. In response, Plaintiffs argue that "it is likely that the adjudication of the state law issues can only be done by the state court pursuant to *Pennhurst*." (Doc. # 3, at 6 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984).) Plaintiffs contend, therefore, that "the proper course is for this Court to remand the state law issues, at least," (Doc. # 3, at 6), but their argument lacks supporting statutory or decisional law.

Supplemental jurisdiction exists. The allegations of the Complaint demonstrate that the § 1983 claims satisfy the substantiality requirement. The substantiality question "for jurisdictional purposes is not whether the claims are

5

without merit but whether the prior decisions inescapably render the claims frivolous." *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1994) (citation and internal quotation marks omitted); *see also Tamiami Partners, Ltd. ex rel. Tamiami Dev. Corp. v. Miccosukee Tribe of Indians of Fla.*, 177 F.3d 1212, 1223 (11th Cir. 1999) (A federal claim is insubstantial only if "prior decisions inescapably render the claims frivolous." (alterations, citation, and internal quotation marks omitted)).  For obvious reasons, in their Notice of Removal, Defendants do not argue that the federal-law claims supplying this court's original jurisdiction are frivolous within the meaning of *L.A. Draper & Son*, and Plaintiffs' position is that their § 1983 claims indeed are substantial. Additionally, the facts underlying the federal- and state-law claims all arise out of the proceedings surrounding Defendants' decisions to transfer Plaintiffs to other DYS campuses in Alabama.  The nucleus of facts in the Complaint is the same for the federal and the state-law claims.  Accordingly, the requirements of § 1367(a) are satisfied.

While the court maintains the discretion to decline jurisdiction over the state-law claims even where jurisdiction is otherwise proper under § 1367(a), *see* § 1367(c), the court intends to take a closer look at jurisdiction over state-law

claims when addressing the arguments raised in briefing on the pending motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiffs' Time-Sensitive Motion to Remand (Doc. # 3) is denied.

DONE this 21st day of July, 2015.

    /s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE