IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DR. CAROLYN TURNER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:15-CV-507-WKW |
| ) | [WO] |
| STATE OF ALABAMA, ) | |
| DEPARTMENT OF YOUTH ) | |
| SERVICES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Four tenured state teachers obtained a temporary restraining order in state court provisionally halting their one-hundred-mile transfers to out-of-town schools. Defendants removed this suit to federal court prior to the state-court hearing on the motion for preliminary injunction. Plaintiffs challenged the removal, but lost. Removal was proper because this court has original jurisdiction over the Complaint's 42 U.S.C. § 1983 claims alleging federal constitutional violations and supplemental jurisdiction over the state-law claims.

Defendants now move to dismiss all claims in the Complaint, asserting immunity under state and federal provisions and failure to state a claim. (Doc. # 4.) Conceding that *McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994) (en banc), forecloses their 42 U.S.C. § 1983 claims, Plaintiffs ask this court to dismiss the § 1983 claims without prejudice and to remand the state-law claims to state court.

The dismissal of the § 1983 claims is required.  Plaintiffs have not alleged that the State of Alabama has "refuse[d] to provide a process sufficient to remedy the procedural deprivation . . . ."  *McKinney*, 20 F.3d at 1557.  Defendants' motion to dismiss the § 1983 claims is due to be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Because there remains a possibility that Plaintiffs might be able to state a claim at a later date, the dismissal will be without prejudice.[1]

Moreover, a district court may decline to exercise supplemental jurisdiction over state-law claims when it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). "Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997).  While the decision to exercise supplemental jurisdiction is discretionary, the Eleventh Circuit also "ha[s] encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("When federal law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court

---

[1] Dismissal is not appropriate under Federal Rule of Civil Procedure 41 because neither Plaintiffs nor the court is "empowered to dismiss only certain claims under Rule 41." *Klay v. United Healthgroup., Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004).

2

should decline the exercise of jurisdiction by dismissing the case without prejudice."); *Baggett*, 117 F.3d at 1353 ("State courts, not federal courts, should be the final arbiters of state law.").

Exercising its discretion, the court declines to retain supplemental jurisdiction over the state-law claims based upon judicial economy, convenience, fairness, and comity, as well as the fact that dismissal of the federal-claw claims is occurring in this lawsuit's early stages. The state-law claims will be remanded to the Circuit Court of Montgomery County, Alabama, pursuant to § 1367(c)(3). *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1123 (11th Cir. 2005) ("Because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441, if the district court declines to continue to exercise supplemental jurisdiction, [the] remaining claim[s] should be remanded to state court.").

Defendants' sole argument against remand is that there are no state-law claims in the Complaint to remand. (*See* Doc. # 21, at ¶ 2 ("All of Plaintiffs' claims are premised on federal law.").) But that argument does not wash. State-law claims are interwoven throughout the Complaint's allegations and counts,[2] and

---

[2] (*See, e.g.*, Compl. ¶ 1 ("This action further seeks to declare the rights and obligations of the parties pursuant to an interpretation of state statutes and state constitutional provisions . . . ."); Compl. ¶ 2 ("Plaintiffs seek that relief to which they are entitled pursuant to the provisions of the Students First Act."); Compl. ¶ 100 ("Plaintiffs request the Court [to] construe and issue a ruling regarding state statutes and their application in this given situation."); Compl.

Defendants provide no grounds or authority for finding that the factual relatedness of the federal- and state-law claims somehow extinguishes the state-law claims' existence.  Defendants' argument also is contrary to their reliance on state-agent immunity.  (*See* Doc. # 4.)

Accordingly, it is ORDERED that Defendants' motion to dismiss the § 1983 claims (Doc. # 4) is GRANTED and that the § 1983 claims are DISMISSED without prejudice.

It is further ORDERED that the state-law claims are REMANDED to the Circuit Court of Montgomery County, Alabama. To the extent that the motion to dismiss (Doc. # 4) sought dismissal of any state-law claims, it is ORDERED that the motion is DENIED.  The Clerk of the Court is DIRECTED to take appropriate steps to effectuate the remand.

DONE this 30th day of July, 2015.

                                        /s/ W. Keith Watkins
                                CHIEF UNITED STATES DISTRICT JUDGE

---

¶ 101 ("Plaintiffs seek this Court to construe said state statutes . . . and State constitutional rights and laws . . . ."); Compl. ¶ 109 ("Plaintiffs were further denied their due process rights under . . . the Constitution of Alabama . . . ."); Compl. ¶ 116 ("Plaintiffs seek to compel Defendants to perform their legal and ministerial duty and to comply with the [Students First] Act and all state . . . laws . . . .").)